UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| OHIO & VICINITY CARPENTERS FRINGE BENEFIT FUNDS, INC., | : : : | CASE NO. 4:24-cv-00438 |
| | : | ORDER |
| Plaintiff, | : : | [Resolving Doc. 8] |
| v. | : : | |
| SPECIALTY CONCRETE SERVICES LLC, | : : : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Ohio & Vicinity Carpenters Fringe Benefit Funds, Inc. (Funds) seeks default judgment against Defendant Specialty Concrete Services LLC (Specialty Concrete) for $40,576.04.

For the following reasons, the Court **GRANTS** Plaintiff Funds' motion for default judgment.

## I. BACKGROUND

By defaulting, Defendant Specialty Concrete admits to Plaintiff Funds' allegations, and so the Court accepts the facts in Funds' complaint as true.

Plaintiff administers funds established under a collective bargaining agreement (CBA) between the Indiana/Kentucky/Ohio Regional Council of Carpenters and certain employers.[1]

---

[1] Doc. 1, PageID #: 1-2.

Case No. 4:24-cv-00438
GWIN, J.

Under the CBA, those employers are required to timely pay Plaintiff Funds fringe benefit contributions for every union employee they employ.[2]

Defendant Specialty Concrete is one such employer.[3]

Plaintiff Funds alleges that Defendant Specialty Concrete failed to pay its required fringe benefit contributions. On March 7, 2024, Funds brought this action against Specialty Concrete for breach of the CBA and 29 U.S.C. § 1145.[4]

Defendant Specialty Concrete never responded to the complaint. So, on April 17, 2025, Plaintiff Funds requested that the Clerk enter default judgment against Specialty Concrete.[5] The Clerk did so on May 6, 2024.

On July 15, 2024, the Court ordered Plaintiff Funds to show cause for failure to move for default judgment.[6] On July 29, 2024, Plaintiff Funds moved for default judgment.[7] Defendant Specialty Concrete did not file any timely opposition.[8]

## II. DISCUSSION

Default judgment follows a two-step process. First, a plaintiff must ask the Clerk to enter default.[9] Once the Clerk enters default, the plaintiff may apply for default judgment under one of two procedures.[10]

Under Federal Rule of Civil Procedure 55(b)(1), if the plaintiff seeks judgment "for sum certain or a sum that can be made certain by computation," the plaintiff can ask the

---

[2] *Id.* at PageID #: 2.
[3] *Id.*
[4] *Id.* at PageID #: 3.
[5] Doc. 5, PageID #: 16.
[6] Doc. 7, PageID #: 7.
[7] Doc. 8.
[8] Local Rule 7.1(d) provides that "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion."
[9] Fed. R. Civ. P. 55(a).
[10] Fed. R. Civ. P. 55(b).

- 2 -

Case No. 4:24-cv-00438
GWIN, J.

Clerk to enter default judgment.[11] Otherwise, the plaintiff must file a motion with the Court under Rule 55(b)(2).[12]

Before a court can grant default judgment under Rule 55(b)(2), it must "determine whether [the] facts are sufficient to state a claim for relief" when accepting all well-pleaded factual allegations as true."[13] A plaintiff moving for default judgment must also provide damages evidence that allows the court to determine the amount of damages with "reasonable certainty."[14] The plaintiff may use affidavits as damages evidence.[15]

Plaintiff Funds has sufficiently stated a claim for relief against Defendant Specialty Concrete. Both Plaintiff Funds and Defendant Specialty Concrete are subject to the CBA.[16] The CBA provides that employers are required to contribute certain benefit amounts to the union's funds, and that delinquent employers "shall be liable for and obligated to pay . . . reasonable interest, all court costs, attorneys' fees, and other expenses" incurred in the collections process.[17]

Plaintiff Funds says that Specialty Concrete has not paid fringe benefits for certain time periods and has also failed to submit reports required under the CBA.[18] Plaintiff Funds submits evidence from its account administrator and signed copies of the CBA. This is enough to establish Defendant Specialty Concrete's default judgment liability for Plaintiff Funds' breach of contract claim.

---

[11] Fed. R. Civ. P. 55(b)(1).
[12] Fed. R. Civ. P. 55(b)(2).
[13] *Jones v. Animal Enter. Worldwide, LLC*, No. 1:21-cv-00653, 2022 WL 592945, at *1 (N.D. Ohio Feb. 28, 2022) (citation omitted).
[14] *Id.* at *2 (citations omitted).
[15] *Id.* (citation omitted).
[16] Doc. 8-2, PageID #: 38, 41.
[17] *Id.* at PageID #: 27.
[18] Doc. 1, PageID #: 2.

Case No. 4:24-cv-00438
GWIN, J.

Plaintiff Funds has also offered damages evidence. Plaintiff Funds provides affidavits from its account administrator and counsel attesting to outstanding balances.

Plaintiff Funds brought this action to collect unpaid fringe contributions for union work under 29 U.S.C. § 1132 and § 1145.[19] If a court awards judgment in favor of an employee's benefit plan, § 1132(g) require the court to award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . ,
> (D) reasonable attorney's fees and costs of the action, to be paid by defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.[20]

Plaintiff Funds requests $34,972.72 in unpaid fringe benefits for work between December 2018 and September 2023;[21] $4,189.19 in liquidated damages for the pay periods of December 2018 and June through September 2013;[22] $871.50 in attorney's fees;[23] and $542.63 in costs, for a total amount of $40,576.04.[24]

The Court therefore **GRANTS** default judgment to Plaintiff Funds.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff Funds' motion for default judgment. Defendant Specialty Plastics is **ORDERED** to pay Plaintiff $40,576.20.

IT IS SO ORDERED.

---

[19] 29 U.S.C. § 1132; 29 U.S.C. § 1145.
[20] 29 U.S.C. § 1132(g).
[21] Doc. 8-3, PageID #: 42.
[22] *Id.*
[23] Doc. 8-1, PageID #: 24.
[24] *Id.* at PageID #: 25.

Case No. 4:24-cv-00438
GWIN, J.

Dated: September 5, 2024       *s/        James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE